<pre>
Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4809 N Ravenwood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
RYAN O'HARA
</pre>

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| RYAN O'HARA, | ) |
| | ) |
|     Plaintiff, | ) **Case No.:**  2:17-cv-9169 |
| | ) |
| v. | ) **PLAINTIFF'S COMPLAINT** |
| | ) |
| GC SERVICES, LP, | ) |
| | ) |
|     Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, RYAN O'HARA ("Plaintiff"), through his attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, GC SERVICES, LP ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA).

2. Count II of the Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("RFDCPA").

- 1 -

PLAINTIFF'S COMPLAINT

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in Stephenson Ranch, Los Angeles County, California.

7. Plaintiff is a consumer as that term is defined by the FDCPA and RFDCPA.

8. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and RFDCPA.

9. Defendant is a debt collector as that term is defined by the FDCPA and RFDCPA.

10. Within the past year of Plaintiff filling this complaint, Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a collection agency located in Houston, Texas.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to

third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

18. Defendant is attempting to collect an alleged consumer debt from Plaintiff, originating with student loans.

19. The alleged debt at issue arises from transactions for personal, family, and household purposes.

20. In or around March 2017, Defendant began placing collection calls to Plaintiff on Plaintiff's telephone number at 661-678-8214, in an attempt to collect the alleged debt.

21. Defendant called Plaintiff from 661-347-0296 and 877-359-5523, which are two of Defendant's telephone numbers.

22. On multiple occasions since Defendant began calling Plaintiff, Plaintiff has answered Defendant's telephone calls and has spoken with Defendant's collectors.

23. On multiple occasions since Defendant began calling Plaintiff, Plaintiff has spoken with Defendant's collectors and requested that Defendant stop calling him.

24. Specifically in or around April 2017, Plaintiff spoke with one of Defendant's collectors and requested that Defendant stop calling him.

25. Despite Plaintiff's requests, Defendant continued to place collection calls to Plaintiff's telephone number.

26. On or around June 28, 2017, Defendant also placed a collection call to Plaintiff's place of employment at 800-321-2843, in an attempt to verify Plaintiff's employment.

27. During the aforementioned conversation, Defendant's representative spoke with accounting manager, Leticia Ponce, and left a message for Plaintiff that Defendant would garnish Plaintiff's wages if Plaintiff did not call Defendant back.

28. Defendant's representative was working within the scope of his or her employment when he or she spoke with the third party.

29. Defendant's representative is familiar with the FDCPA

30. Defendant's representative knows that the FDCPA prohibits the debt collector from communicating, in connection with the collection of a debt, with any person other than the consumer.

31. On or around June 28, 2017, Plaintiff filed a complaint with Defendant regarding the conversation with Leticia Ponce.

32. In response to Plaintiff's complaint, Defendant sent an e-mail to Plaintiff stating Defendant's representative violated Defendant's policy to leave messages for consumers during the same call in which employment verification has taken place. See Exhibit A.

33. In the aforementioned e-mail to Plaintiff, Defendant stated that Defendant's representative was disciplined for leaving the message for Plaintiff. See Exhibit A.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

34. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692b(2) of the FDCPA by communicating with any person

       other than the consumer for the purpose of acquiring location information about the consumer and disclosing to such person that consumer owes a debt, when Defendant left a message with Leticia Ponce that Defendant would garnish Plaintiff's wages if Plaintiff did not call Defendant;

b. Defendant violated § 1692c(b) of the FDCPA by communicating with third parties in connection with the collection of any debt, with none of the exceptions of this subsection being applicable, when Defendant left a message with Leticia Ponce that Defendant would garnish Plaintiff's wages if Plaintiff did not call Defendant;

c. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant continued to place collection calls to Plaintiff after Plaintiff requested that Defendant stop calling him;

d. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to place collection calls to Plaintiff after Plaintiff requested that Defendant stop calling him; and

e. Defendant violated § 1692(f)(1) of the FDCPA by using fair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

WHEREFORE, Plaintiff, RYAN O'HARA, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

35. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

36. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

37. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff repeats and re-alleges paragraphs 1-33 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

35. Defendant violated the RFDCPA based on the following:

   a. Defendant violated § 1788.11(d) of the RFDCPA by causing Plaintiff's telephone to ring repeatedly and continuously so as to annoy Plaintiff, when Defendant continued to place collection calls to Plaintiff after Plaintiff requested that Defendant stop calling him;

   b. Defendant violated § 1788.11(e) of the RFDCPA by placing collection calls to Plaintiff with such frequency that was unreasonable and constituted harassment, when Defendant continued to place collection calls to Plaintiff after Plaintiff requested that Defendant stop calling him;

   c. Defendant violated § 1788.12(a) of the RFDCPA by communicating with the debtor's employer regarding the debtor's consumer debt unless such a communication is necessary to the collection or the debt, when Defendant left a message with Leticia Ponce that Defendant would garnish Plaintiff's wages if Plaintiff did not call Defendant; and

    d. Defendant violated the § 1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq.*

WHEREFORE, Plaintiff, RYAN O'HARA, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

36. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b).

37. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c).

38. Any other relief that this Honorable Court deems appropriate.

                                                RESPECTFULLY SUBMITTED,

DATED: December 22, 2017          By: /s/ Michael S. Agruss
                                                  Michael S. Agruss
                                                  Attorney for Plaintiff

**EXHIBIT A**

# Company responded

STATUS
  Company responded on 7/13/2017

RESPONSE TYPE
  Closed with explanation

# Company's Response

1. We received Mr. O'Hara's complaint, filed on June 28, 2017. Through his complaint, we understand that Mr. O'Hara alleges that GC Services contacted his place of employment and revealed information regarding his defaulted student loan to the receptionist. He also alleges that GC Services threatened to garnish his wages if Mr. O'Hara did not call back to GC Services that day. 2. The Department of Education placed Mr. O'Hara's defaulted student loan with our office on December 20, 2016. 3. Our records indicate that a GC Services representative contacted Mr. O'Hara's place of employment on June 28, 2017. The GC Services representative requested to speak to the payroll department in order to verify employment prior to sending an order for wage garnishment on behalf our client, the Department of Education. 4. The GC Services account representative verified the employment of Mr. O'Hara and obtained information from the employer as to where to send the garnishment order. 5. At the conclusion of the employment verification, the account representative asked to leave a message for Mr. O'Hara. 6. It is a violation of GC Services policy to leave messages for consumers during the same call in which employment verification has taken place. The GC Services representative who left this message was disciplined as per our disciplinary policy. 7. We would like to assure Mr. O'Hara that this type of communication will not occur again, and we regret this violation of our company policy has occurred. In addition, Mr. O'Hara's account has been placed in a status that will ensure all communication with Mr. O'Hara will be in writing going forward.